**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1578
_____

UNITED STATES OF AMERICA

v.

JEFFREY LEGETTE,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2:17-cr-00504-001)
District Judge:  Honorable William J. Martini

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 18, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: June 2, 2023)
_____

OPINION[*]
_____

PER CURIAM

Federal inmate Jeffrey Legette filed a pro se appeal from the United States District

Court for the District of New Jersey's order denying his second motion for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Government moves for summary affirmance of that order. We grant the Government's motion.

Legette pleaded guilty in 2018 to knowing possession of a firearm after being convicted of a felony (18 U.S.C. § 922(g)(1)) and obstructing justice (18 U.S.C. § 1503). The District Court imposed a sentence of 92 months in prison plus three years of supervised release, varying downward from the 100 to 120 months' imprisonment recommended by the U.S. Probation Office. With credit for good time, the Bureau of Prisons (BOP) anticipates he will be released in August 2024.

In June 2020, Legette filed his first motion for compassionate release, supplemented by another pro se filing and one by the Federal Public Defender, arguing that he demonstrated extraordinary and compelling grounds for release, based on COVID-19-related issues, his demonstrated rehabilitation in prison, and concerns that his minor son with diabetes was being cared for by his aging father. He also argued that sentencing factors under § 3553(a) weighed in his favor. The Government opposed the motion. Ultimately, the District Court found no extraordinary and compelling reason for release and denied the motion. Legette's subsequent reconsideration motion was likewise denied.

Legette submitted his second motion for compassionate release in December 2022. Once more, he raised concerns about the BOP's response to the COVID-19 pandemic in prison and about the effects of the pandemic on prison life. He also argued that his father's health was increasingly fragile, with a diagnosis of heart failure and the installation of a pacemaker. Legette contended that his father cannot keep up with the

demands of caring for a child with diabetes.  Legette also highlighted his lack of disciplinary infractions and programmatic successes in prison as proof that he no longer poses a risk to the community.  The Government opposed the motion.

The District Court denied the second motion for compassionate release.  It found no extraordinary and compelling reasons qualifying under § 3582(c)(1)(A)(i) based on Legette's family circumstances, conditions at FCI-McKean and its response to COVID-19, and Legette's efforts at rehabilitation.[1]  Finally, the District Court considered pertinent sentencing factors under 18 U.S.C. § 3553(a) and concluded that they weighed against release.

Legette filed a timely notice of appeal.  The Government moved for summary affirmance of the District Court's order.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  In response, Legette opposed the motion.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's order for an abuse of discretion. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (explaining that we will not vacate a district court's decision "unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors") (cleaned up).  Under §

---

[1] In addition to relying on current BOP data concerning FCI-McKean's response and current COVID-19 conditions, the District Court noted that, according to the National Institutes of Health, pacemaker surgery usually results in a resumption of ordinary activities within a few days, and even if Legette's father had some challenges, Legette's supportive community, including his daughter's mother, aunts, uncles, and a brother who is a first responder, could assist in the care of Legette's son.  D. Ct. Op. at 3.

3

3582(c)(1)(A)(i), a district court may reduce a prison term if "extraordinary and compelling reasons warrant such a reduction." Before it may grant release or modification, however, the court must consider the sentencing factors under § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A).[2]

Here, the District Court explained that, even if it found extraordinary and compelling reasons for relief (which, as noted above, it did not), the applicable § 3553(a) factors did not weigh in favor of Legette's release. D. Ct. Op. at 4. We cannot say that the District Court clearly erred in this conclusion. Legette was convicted of knowingly possessing a loaded gun after being convicted of nine prior felonies, and then obstructing justice by trying to pressure another person (his nephew) to claim ownership of the gun. At the time he was arrested in this case, he was three-weeks into a supervised release term on a prior federal weapons possession conviction. In reviewing Legette's most recent compassionate release motion, the District Court noted that "[a]t the time of Defendant's sentencing, the Court expressed a need to impose a sentence that would reflect the seriousness of the offense, a concern for the Defendant's criminal history, and emphasized adequate deterrence from future criminal conduct." Id.; see § 3553(a)(1),(2)(A), (2)(B). In light of these legitimate concerns, the District Court did not abuse its discretion in denying Legette's motion, especially since at sentencing it had imposed a sentence of 92 months rather than the recommended 100 to 120 months. See

_____

[2] Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for a sentence "to reflect the seriousness of the offense," promote respect for the law, provide punishment, deter criminal behavior, and protect the community from a defendant's crimes. § 3553(a)(1), (2)(A)-(C).

D. Ct. Op. at 4; see Pawlowski, 967 F.3d at 330.

For these reasons, we will affirm the District Court's order denying Legette's

motion for compassionate release.[3]

---

[3] To the extent that Legette requests that we summarily vacate and remand for the District Court to consider proposed guideline amendments slated to be effective in November 2023, we deny the request. Legette may seek relief in the District Court based on applicable amendments after they take effect, and after exhausting the proper administrative process.